**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **SA-17-CR-852-XR** |
| | § | |
| **ELIAZAR RINCON ZUNIGA,** | § | |
| | § | |

**ORDER**

The Defendant is charged with illegal reentry. The crime of illegal reentry under § 1326 requires the Government to prove that the alien has been removed and "thereafter enters, attempts to enter, or is at any time found in, the United States." In his motion to dismiss indictment, he essentially argues that there is no support for an essential element of the crime (prior removal).

On January 27, 2010, Rincon was expeditiously removed from the United States pursuant to 8 U.S.C. § 1228, because he had been previously convicted of two misdemeanor convictions for possession of marijuana.[1] Prior to the Supreme Court's decision in *Carachuri-Rosendo v. Holder*[2], 560 U.S. 563 (June 14, 2010), these types of convictions were considered aggravated drug trafficking crimes under 8 U.S.C. § 1101(a) (43).

On September 14, 2013, Rincon was found in the United States. He was later indicted for illegal reentry, pled guilty, and was sentenced to time served on April 14, 2014. Upon completion of his sentence he was released to immigration authorities. Immigration authorities

---

[1] Rincon admitted the allegations in the Notice of Intent to Issue a Final Administrative Removal Order (Form I-851) and waived his right to remain in the United States for 14 calendar days to apply for judicial review.

[2] In *Carachuri*, the Supreme Court held "that when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act.'" *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 582 (2010).

deported him to Mexico pursuant to a reinstatement of the January 2010 expedited removal order.[3]

On October 1, 2017, Rincon was again found in the United States. An indictment was returned against him for illegal reentry.

In this motion to dismiss the indictment, Rincon argues that he should have been allowed in 2010 to file a petition to stay his removal[4], but was denied the opportunity because of the expedited removal process that he was subjected to. Because his 2010 removal was defective, he argues that he may collaterally attack the current illegal reentry charge because the 2010 removal order was fundamentally unfair and a violation of his due process rights.

The Government argues that Rincon's removal in January 2010 was properly executed, even though the Supreme Court in June 2010 later interpreted convictions for simple possession charges to not constitute aggravated felonies for removal purposes.[5] The Government contends that the *Carachuri* decision was not retroactive. Alternatively, the Government argues that Rincon received due process in compliance with 8 U.S.C. § 1228(b)(4) by being given notice of the charge in 2010, acknowledging he did not want to contest the charges, stating he wanted to

---

[3] In the 2014 Notice of Intent/Decision to Reinstate Prior Order (Form I-871), Rincon acknowledged he was an alien, previously removed in 2010, and illegally reentered the United States. He also acknowledged he did not wish to make a statement contesting the determination.

[4] Rincon argues that he was eligible to seek relief from removal on the basis that he was providing support to his grandparents who were residing in the United States and that he cared for his son, a United States citizen.

[5] The Government argues that the 2010 removal order remained valid despite the Supreme Court's later interpretation pursuant to 8 U.S.C. § 1231(a)(5)("Reinstatement of removal orders against aliens illegally reentering. If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.)." Because as discussed below, the Court has found that Rincon has not established prejudice, the Court does not make any findings or rulings on this contention.

be removed to Mexico, and waiving the opportunity for judicial review. Further, the Government contends that Rincon has failed to establish prejudice.

**Analysis**

As noted by the Supreme Court in *Carachuri*, "whether a noncitizen has committed an 'aggravated felony' is relevant, inter alia, to the type of relief he may obtain from a removal order, but not to whether he is in fact removable. In other words, to the extent that our rejection of the Government's broad understanding of the scope of "aggravated felony" may have any practical effect on policing our Nation's borders, it is a limited one. Carachuri–Rosendo, and others in his position, may now seek cancellation of removal and thereby avoid the harsh consequence of mandatory removal. But he will not avoid the fact that his conviction makes him, in the first instance, removable. Any relief he may obtain depends upon the discretion of the Attorney General." *Carachuri-Rosendo v. Holder*, 560 U.S. at 581.

The Fifth Circuit "has formulated a three-part test that must be met by an alien seeking to challenge a prior deportation order in a prosecution for illegal reentry under § 1326: the alien must establish that 1) the prior hearing was 'fundamentally unfair;' 2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and 3) the procedural deficiencies caused the alien actual prejudice." *United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003). "A showing of prejudice means that 'there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported.' In short, '[i]f the defendant was legally deportable and, despite the INS's errors, the proceeding could not have yielded a different result, the deportation is valid for purposes of section 1326.'" *Id.* (internal citations omitted).

It appears that the *Carachuri* decision was not retroactive. Accordingly, Rincon was properly deported in January 2010. Rincon would have had the opportunity to seek relief from the removal order based on his family obligations in 2013/2014, but for whatever reason chose not to do so. Accordingly, any arguments that Rincon was denied due process or that his removal was fundamentally unfair in January 2010 or 2013/2014 lack merit. Any attempts now to seek relief from the 2010 removal order have been waived. *See United States v. Serrano-Vera*, 554 F. App'x 284, 285 (5th Cir. 2014) ("As noted by the district court, Serrano–Vera could have filed a motion to reopen the deportation proceedings…. However, during the 15–year period from the date of his original order of removal until his arrest in the instant proceeding, Serrano–Vera failed to do so—despite the fact that, from 2004 through 2010, he was removed from the United States via reinstatement of the original order of removal on five separate occasions. Serrano–Vera therefore has failed to establish that he exhausted his administrative remedies.").

Alternatively, Rincon fails to establish prejudice. Even if he has not waived the right to seek relief from the 2010 removal order and could seek to apply today for such relief, it is left to the discretion of the Attorney General to grant such relief. Rincon has not alleged any facts that he is today providing support to his U.S. resident grandparents or his son that could likely yield a different result. See *United States v. Serrano-Vera*, 554 F. App'x at 285 ("Serrano–Vera did not show that there was a reasonable likelihood that but for the errors complained of he would not have been deported. He does not say what evidence or arguments might have been made to counter the basis of his deportation, nor does he provide any authority, statutory or caselaw, suggesting that he was eligible for relief from deportation. Nor does he identify what that relief

would have been. Accordingly, Serrano–Vera failed to show that the alleged procedural deficiencies actually prejudiced him.") (citation omitted).

Alternatively, the Court finds another reason to find that Rincon has failed to establish prejudice. Even if the Immigration Court were to hear Rincon's application now, the Board of Immigration Appeals generally requires "a fundamental change of law with regard to the respondent's removeability." With regard to *Carachuri*, the BIA has concluded: "We are not persuaded, however, that this change in law, which impacts solely the respondent's eligibility to seek a discretionary form of relief, is sufficiently compelling, such that the extraordinary intervention of our sua sponte authority is warranted." *In Re: Jose Dennis Alvarado-Canas*,: A046 041 673 - HOU, 2014 WL 1118481, at *1 (DCBABR Feb. 14, 2014).

## Conclusion

Defendant's motion to dismiss the indictment is denied.

SIGNED this 12th day of February, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE